## SECOND DEPARTMENT, JULY, 1974

### (July 1, 1974)

■ A. C. A. AMERICAN MASTERS, INC., Doing Business as A. C. A. GALLARIES, Respondent, v. PETER WERTZ et al., Appellants.— In an action to recover damages for breach of contract, conversion and fraud, (1) plaintiff appeals from so much of an order of the Supreme Court, Westchester County, entered February 26, 1974, as, upon defendants' motion, directed the Sheriff of Westchester County to deliver to defendants 7 of 13 art works which the Sheriff had seized under an order of attachment and (2) defendants cross-appeal from the same order insofar as it denied their motion to vacate the attachment order in its entirety. Order modified by striking therefrom subparagraphs "A", "E" and "G" of the third decretal paragraph, which provide for the release from attachment of the works of art entitled, respectively, "Buddhist Monk in Prayer" by Noguchi, "Standing Male Nude" by Edward Hopper and "Corpus Christi" by John Sloan, and substituting as item "A" "Le Sergeant" by Dubuffet, and as item "E" "Model Vu De Bos" by Pascin.

As so modified, order affirmed insofar as appealed from, without costs. Special Term improperly failed to consider plaintiff's presentation of evidence that two of the items seized pursuant to the order of attachment, to wit, "Le Sergeant" by Dubuffet and "Model Vu De Bos" by Pascin, were the subjects of litigation as to their ownership in a lawsuit instituted by a third party against the defendants in this action. To hold these works of art as security while releasing items which were not subject to conflicting claims, in order to reduce the amount of security on a potential judgment, was an abuse of discretion. Only items with undisputed ownership in defendants should be held as security, if such items are available. Since such undisputed items were apparently available among the items seized, Special Term should have chosen such works as those to be held. We are substituting items not subject to dispute in the list of items which are to be held under the attachment order. · Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.